IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD L. STEVENS,

        Plaintiff,                    No. CIV S-09-2111 WBS GGH P

    vs.

MATT FUCHS, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).[1] Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28

---

[1] This case was filed on July, 10, 2009, and transferred to this court on July 30, 2009, after which the undersigned directed plaintiff to file an appropriate in forma pauperis affidavit or to pay the filing fee in an order filed on August 10, 2009. When plaintiff failed to respond, the court recommended dismissal on October 30, 2009, after which, upon plaintiff's timely objections, the undersigned, on December 8, 2009, vacated the findings and recommendations and gave plaintiff a final opportunity to make the requisite showing for in forma pauperis status or to pay the filing fee, which showing plaintiff finally made in a filing on January 6, 2010.

1

U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

1  v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.
2  1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the
3  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
4  Id.

5  In reviewing a complaint under this standard, the court must accept as true the
6  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
7  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
8  and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
9  1843 (1969).

10  Plaintiff names two defendants in his inadequate complaint: Matt Fuchs and
11  Quentin Campbell, apparently employed by the Butte County Parole Department. Complaint, pp.
12  1-2. Plaintiff claims that "on numerous occasions" the defendants have searched a house
13  belonging to himself and an individual named Katlyn McKenzie. Id., at 3. He contends that
14  "items where [sic] taken and destroyed, and 3 occupants not on parole was [sic] stalked and
15  harassed," which he claim to be a violation of a government code section and an assembly bill.
16  Id. As relief, plaintiff asks that defendant "Matt" return the items taken and "to stop stalking and
17  harassing us." Id. Plaintiff also seeks fifty million dollars in damages and wants "to see
18  defendant Matt Fuchs fired." Id.

19  In the first place, plaintiff fails to provide any specificity to his allegations. He
20  does not identify any particular occasion upon which the defendants have searched his house, nor
21  does he specify any items that were taken or how he knows they have been destroyed. Plaintiff
22  does not even identify one of the named defendants, Quentin Campbell, as a party against whom
23  he seeks any redress. In the second place, plaintiff does not have standing to assert the rights of
24  third parties. Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert
25  [his] own rights not those of third parties), citing Duke Power Co. v. Carolina Environmental
26  Study Group, 438 U.S. 59, 80, 98 S.Ct. 2620, 2634 (1978); Warth v. Seldin, 422 U.S. 490, 499,

95 S.Ct. 2197, 2205 (1974).   Therefore, to the extent that plaintiff intends to challenge the purported violations of the rights of others, i.e., the "3 occupants not on parole," any such allegations must be dismissed.   Plaintiff's allegations will be dismissed and plaintiff will be granted 28 days to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: January 25, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
stev2111.bnf